IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANTIAGO VAZQUEZ,

          Plaintiff,

v.

HON. MARTHA L. WALTERS, Chief Justice of the Oregon Supreme Court, and HON. THOMAS A. BALMER, HON. CHRISTOPHER L. GARRETT, HON. LYNN R. NAKAMOTO, HON. MEAGAN A. FLYNN, HON. REBECCA A. DUNCAN, HON. ADRIENNE C. NELSON, Associate Justices of the Oregon Supreme Court, each sued in their official capacities,

          Defendants.

No. 3:20-cv-01761-HZ

OPINION & ORDER

Santiago Vazquez
9286 SE 2nd Avenue Apt. B
Portland, OR 97219

    Pro Se Plaintiff

1 – OPINION & ORDER

Ellen F. Rosenblum
Attorney General
J. Nicole DeFever
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201

Attorneys for Defendants.

HERNÁNDEZ, District Judge:

Defendants, the Chief Justice and Associate Justices of the Oregon Supreme Court, move for summary judgment on Pro Se Plaintiff Santiago Vazquez's claim brought under 42 U.S.C. § 1983 alleging a denial of his Equal Protection rights guaranteed by the Fourteenth Amendment to the United States Constitution. For the following reasons, Defendants' motion is granted.

## BACKGROUND

The first confirmed case of the 2019 novel coronavirus ("COVID-19") in the United States was documented in Washington state on January 21, 2020.[1] In the following weeks, Oregon Governor Kate Brown took several steps to address the spread of the virus, including appointing a Coronavirus Response Team on February 28, activating an Emergency Coordination Center on March 2, issuing an emergency declaration on March 8, and suspending in-person instruction at higher education institutions on March 18. Wood Decl. Ex. 6e ("EO 20-20") at 1, ECF 11-10.[2] As a result of these developments, the students at Oregon's three law

---

[1] *First Travel-related Case of 2019 Novel Coronavirus Detected in United States*, Centers for Disease Control and Prevention, https://www.cdc.gov/media/releases/2020/p0121-novel-coronavirus-travel-case.html (last accessed Jul. 12, 2021).

[2] Defendants have asked the Court to take judicial notice of this and other exhibits that are publicly available records. Because these documents are "made 'publicly available by government entities'" and their authenticity is not disputed, the Court takes judicial notice of Exhibits 1 and 6e attached to the Wood Declaration. *Gusman v. Comcast Corp.*, No. 13CV1049-GPC DHB, 2014 WL 2115472, at *5 (S.D. Cal. May 21, 2014) (quoting *Daniels-Hall v. Nat'l*

schools were forced abruptly to cease attending classes on campus and to finish the school year remotely. Wood Decl. Ex. 2 ("Deans' Letter") at 2, ECF 11-2; Defs.' Mot. Summ. J. 3, ECF 10. From mid-March through the scheduled July 2020 bar examination, law school facilities typically available to graduating students for academic studies and bar preparation activities were either closed or, starting in mid-June, open only to a limited extent and at decreased capacity. Deans' Letter 2.

As the scheduled July 2020 Oregon bar examination neared and uncertainty grew over whether and how the in-person exam would move forward safely amid the pandemic, the deans of all three Oregon law schools asked the Oregon Supreme Court (the members of which, Defendants, are sued here in their official capacities) to take emergency measures by allowing 2020 bar applicants to opt for so-called "diploma privilege." *Id.* at 1. Diploma privilege would allow eligible applicants to forgo the bar examination and gain admission to the Oregon bar. *Id*. The deans argued diploma privilege was justified given the "historic, disruptive circumstances under which . . . applicants [were] preparing . . . as well as the extraordinary (masked, socially distanced) conditions under which they will have to take the [July 2020] exam." *Id.* at 2.

Defendants ultimately issued Order number 20-12, providing for three temporary adjustments to the state's bar examination and admission procedures in light of the ongoing pandemic: (1) a remote bar examination to be held in October 2020 in addition to the scheduled

---

*Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)). Additionally, the Court denies Plaintiff's motion to strike the Wood Declaration for failure to disclose a witness under Federal Rule of Civil Procedure ("Rule") 37(c).  Pl.'s Resp. 4, ECF 22. Plaintiff does not explain, nor can the Court discern, how allowing Mr. Wood's declaration prejudices Plaintiff's ability to litigate his claim or is otherwise harmful to his case. *See San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (listing factors courts consider in determining whether to strike an undisclosed witness under Rule 37(c)). The Court therefore finds any failure to disclose Mr. Wood as a witness is harmless.

3 – OPINION & ORDER

in-person July exam; (2) a temporary reduction in the minimum pass score for the July exam; and (3) the provision at issue in this case, which offered certain eligible bar applicants the choice to receive diploma privilege and forgo the bar examination. Wood Decl. Ex. 1 ("SCO No. 20-12") at 1–3, ECF 11-1. Defendants' order limited eligibility for the diploma privilege option to applicants who both (1) graduated in 2020 from an Oregon law school (or another accredited law school meeting a certain institutional bar passage rate in 2019) and (2) timely registered for the July 2020 bar examination. *Id.* The subset of applicants who were eligible to opt for diploma privilege under SCO No. 20-12 included seven individuals who had taken, and failed, the Oregon bar exam in February 2020, and who had timely registered for the July exam. Wood Decl. ¶¶ 20–21, ECF 11.

Plaintiff registered for the July examination. Compl. 4, ECF 1; Mot. Summ. J. 3. But because he graduated law school in Oregon in 2012, he was not part of the class eligible to choose diploma privilege. Compl. 7. Plaintiff filed this action on October 9, 2020, alleging Defendants violated the Fourteenth Amendment's Equal Protection clause by extending the diploma privilege option only to 2020 graduates while excluding bar applicants who met all eligibility requirements except that they graduated prior to 2020. On March 12, 2021, Defendants filed their motion for summary judgment, arguing they had a rational basis for differentiating between 2020 graduates and graduates from prior years with regard to diploma privilege.

## STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Rule 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

As a preliminary matter, Plaintiff's Complaint is somewhat ambiguous as to whether he is bringing an as-applied and/or facial challenge to the diploma privilege provision. Plaintiff concedes he is not challenging SCO No. 20-12 as applied to him. Pl.'s Resp. 15 n.8. The Court thus considers the facts, arguments, and evidence presented by both parties only to the extent that they pertain to a facial challenge to the classification drawn by Defendants.

5 – OPINION & ORDER

Plaintiff argues that Defendants impermissibly discriminated between similarly situated bar applicants by extending the option for diploma privilege only to those applicants who graduated in 2020—including those seven individuals who had taken and failed the bar exam in February 2020—while excluding applicants who, like Plaintiff, graduated law school in prior years. Defendants argue they are entitled to summary judgment because limiting diploma privilege to 2020 graduates has a rational basis related to a legitimate state interest. The Court agrees with Defendants.

Where, as here, an Equal Protection claim does not implicate either a suspect classification or a fundamental right, the court must uphold the classification drawn by Defendants so long as it is "rationally related to a legitimate state interest." *United States v. Padilla-Diaz*, 862 F.3d 856, 862 (9th Cir. 2017) (internal quotation marks omitted) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). Rational basis review is deferential to policymakers' decisions, although a state actor "may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *Cleburne,* 473 U.S. at 446. "A classification does not fail rational-basis review because it 'is not made with mathematical nicety or because in practice it results in some inequality[,]'" *Heller v. Doe by Doe*, 509 U.S. 312, 321 (1993) (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)), and a court will not invalidate a government classification merely because it is over- or under-inclusive. *Gallinger v. Becerra*, 898 F.3d 1012, 1018 (9th Cir. 2018) (citing *Vance v. Bradley*, 440 U.S. 93, 108 (1979)). Under rational basis review, the eligibility requirements for diploma privilege set by Defendants enjoy "a strong presumption of validity" and Plaintiff bears the burden "to negative every conceivable rational basis which might support"

the challenged classification. *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314–15 (1993) (citation omitted).

Plaintiff does not dispute that Defendants, in their inherent authority to regulate the practice of law in Oregon,[3] have legitimate interests both in setting standards for bar admission and in seeking to mitigate the negative impact of COVID-19 on prospective lawyers. Additionally, Plaintiff concedes that Defendants would have had a rational basis for limiting the class of applicants eligible for diploma privilege to "2020 law graduates who (1) had not completed law school by March 8, 2020, or (2) were studying for the July 2020 bar for the first time," which likely describes the vast majority of 2020 graduates. Pl.'s Resp. 12. Plaintiff argues that the limitation imposed in this case is irrational, however, because it included seven individuals who took and failed the bar exam in February, before Governor Brown's emergency declaration and subsequent school closures, while excluding Plaintiff and other prior-year graduates.

"To prevail on an Equal Protection claim, plaintiffs must show that a class that is similarly situated has been treated disparately." *Arizona Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017) (internal quotation marks and citation omitted). If the group classified by the government actor—in this case, the subset of bar applicants who were eligible for the diploma privilege option—is similarly situated to a control group with respect to the diploma privilege policy, then Defendants must have a rational basis for treating the two groups differently. *Id.* Plaintiff proposes a control group comprising "individuals who submitted a complete application for the July 2020 Oregon Bar examination and satisfied all other

---

[3] "Nothing in [the statutes governing operation of the Oregon State Bar] affects the inherent authority of the Supreme Court to adopt rules for the operations of the courts, including any rules relating to the regulation of the practice of law[.]" Or. Rev. Stat. § 9.006.

7 – OPINION & ORDER

requirements for admission [aside from graduating in 2020] to be admitted to the Bar, including that the persons demonstrates [sic] good moral character and fitness." Pl.'s Resp. 9. Plaintiff asserts his control group is similarly situated to the classified group of diploma privilege eligible applicants. *Id.*

Under rational basis review, "a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller*, 509 U.S. at 320 (internal citations omitted). Defendants offer several reasons for limiting diploma privilege eligibility to 2020 graduates, such as the impacts of the COVID-19 pandemic on recent graduates, "limit[ing] the emergency diploma privilege to law school graduates who would have a reasonable statistical chance of passing the bar examination" and, relatedly, "[l]imiting the number of repeat examination applicants," a population which, during 2019, was statistically less likely than first time applicants to pass the exam. Mot. Summ. J. 5-7.

Courts are "extremely deferential to [a state's] classifications in actions challenging regulation of licensed professions" such as the practice of law. *Lupert v. California State Bar*, 761 F.2d 1325, 1328 (9th Cir. 1985); *see also Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975) (noting "States have a compelling interest in the practice of professions within their boundaries" and that "the interest of the States in regulating lawyers is especially great"). The Court declines to second-guess Defendants' assessment that extending the diploma privilege option to 2020 graduates—and thereby limiting the number of repeat applicants to those seven who had taken and failed the February exam—struck the appropriate balance between two legitimate interests that could find themselves in tension: Mitigating the negative impact of COVID-19 on bar applicants on the one hand, and maintaining professional standards for the

practice of law in Oregon on the other. *See Gallinger*, 898 F.3d at 1019–20 (refusing to second-guess legislature's rationale underlying exemption allowing retired peace officers, but not other private citizens, to carry certain firearms on school grounds due to heightened risk of danger based on previous exposure to crime).

The Court disagrees with Plaintiff's contention that the inclusion of the seven repeat applicants—a number that was finite at the time Defendants issued SCO 20-12—is significant enough to undermine Defendants' goal of limiting eligibility to applicants with a reasonable statistical likelihood of passing the exam or to convert Defendants' classification from a rational to an arbitrary one. "[C]ourts are compelled under rational-basis review to accept a [state actor]'s generalizations even when there is an imperfect fit between means and ends," and the line need not be drawn with "mathematical nicety" so long as the distinction bears a rational relation to Defendants' legitimate interest in regulating the practice of law and related standards for bar admission. *Heller*, 509 U.S. at 320 (internal quotation marks and citations omitted). To the extent that Defendants' classification may be over- or under-inclusive and may "'result[] in some inequality'" in its application, such imprecision is not fatal under a rational basis analysis. *Id.* at 321 (quoting *Dandridge*, 397 U.S. at 485); *Gallinger*, 898 F.3d at 1018 (noting "'perfection is by no means required'" under rational basis review) (quoting *Vance*, 440 U.S. at 108).

Plaintiff is correct in noting that all individuals who were registered and studying for the July 2020 bar examination were—like the rest of the world—impacted by COVID-19; however, pre-2020 graduates were not mired in the uncertainty and upheaval brought on by the global COVID-19 pandemic *as they completed their law school studies*. Graduates from 2019 or any prior year had more time following their graduation to prepare for the July 2020 exam, and more opportunities to take the Oregon bar examination prior to 2020. Plaintiff and other pre-2020

graduates were not subject during their year of graduation to the sudden cessation of in-person instruction and the inability to access bar preparation resources offered through school, like quiet study rooms, printing and wi-fi access, and in-person study groups. Pre-2020 graduates who had not yet taken or passed the Oregon bar exam also had more time than 2020 graduates to plan for and pursue professional goals not contingent on admission to the Oregon bar. By contrast, 2020 graduates who registered for the July 2020 exam began the 2019-2020 school year with a reasonable expectation that they would have a chance to enter professional life as licensed attorneys in the months following their graduation. The differing circumstances of their graduating year and the additional time and opportunities available only to pre-2020 graduates were also rational reasons for limiting diploma privilege to 2020 graduates.

Because Plaintiff has not met his burden to "negative every conceivable basis which might support" the classification he challenges, *F.C.C.*, 508 U.S. at 315 (internal citation and quotation marks omitted), his equal protection claim fails.

## CONCLUSION

Defendants' Motion for Summary Judgment [10] is GRANTED.

IT IS SO ORDERED.

DATED: August 17, 2021.

_____
MARCO A. HERNÁNDEZ
United States District Judge